

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
)
TODD KREISLER,                               )
)
                        Plaintiff,          )          Civil Action No. 13 Civ. 1647 (JSR)
            vs.                              )          ECF CASE
)
60TH STREET RESTAURANT CORP.,                )
a New York corporation,                      )
d/b/a PATSY'S PIZZERIA, and                  )
P.T.Z. REALTY, L.L.C., a New York limited    )
liability company,                           )
)
                        Defendants.          )
------------------------------------------------------/

## AMENDED COMPLAINT

Plaintiff, TODD KREISLER (hereinafter the "Plaintiff"), by and through his undersigned counsel, hereby files this Amended Complaint and sues 60TH STREET RESTAURANT CORP., a New York corporation, d/b/a PATSY'S PIZZERIA, and P.T.Z. REALTY, L.L.C., a New York limited liability company (hereinafter collectively the "Defendants"), for injunctive relief, attorney's fees, litigation expenses and costs pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York City Human Rights Law and the New York State Humans Rights Law and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "ADA"), the Administrative Code of the City of New York § 8-107 et. seq., (hereinafter referred to as the "New York City Human Rights Law" or the "NYCHRL"), and the New York State Executive Law § 296 et. seq., (hereinafter referred to as the "New York State Human Rights Law"

or the "NYSHRL"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343. The New York City claim is properly before this Court under the Court's supplemental jurisdiction. 28 U.S.C. §1367.

2.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in New York County, New York.

3.      At the time of the Plaintiff's visits to PATSY'S PIZZERIA, prior to instituting the instant action, TODD KREISLER (hereinafter "KREISLER") was a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility. Prior to filing this lawsuit, the Plaintiff personally visited PATSY'S PIZZERIA, but was denied full and equal access to, and full and equal enjoyment of, the facilities within PATSY'S PIZZERIA restaurant, which is the subject of this lawsuit.

4.      One of the Defendants, 60TH STREET RESTAURANT CORP., is a New York corporation, and one of the Defendants, P.T.Z. REALTY, L.L.C., is a New York limited liability company, which are both authorized to conduct, and are conducting business within the State of New York. Upon information and belief, 60TH STREET RESTAURANT CORP. is the lessee and/or operator of the Subject Facility, and owner of the improvements on the real property where the Subject Facility is located which are the subjects of this action, the restaurant commonly referred to as PATSY'S PIZZERIA located at 206 East 60th Street, New York, New York (hereinafter referred to as "PATSY'S PIZZERIA") which also maintains and controls the Subject Facility. Upon information and belief, P.T.Z. REALTY, L.L.C. is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the restaurant commonly referred to as PATSY'S PIZZERIA located at 206 East 60th Street, New York, New York

(hereinafter the "Subject Facility") which also maintains and controls the subject real property.

5.      All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is located in New York County in the Southern District.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, PATSY'S PIZZERIA is a place of public accommodation in that it is a restaurant which provides food, beverages (both alcoholic and non-alcoholic), and services to the public.

8.      Pursuant to 42 U.S.C. §12181(7); 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

9.      The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1992.

10.      Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at PATSY'S PIZZERIA in derogation of 42 U.S.C. §12101 et. seq. and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily accessible.

11.     The Plaintiff has been unable to, and continues to be unable to, enjoy full, equal and safe access to, and the benefits of, all of the accommodations and services offered at PATSY'S PIZZERIA.  Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all of the benefits, accommodations and services of the Defendant, 60TH STREET RESTAURANT CORP.'s restaurant.  Prior to the filing of this lawsuit, KREISLER personally visited PATSY'S PIZZERIA with the intention of using PATSY'S PIZZERIA's facilities, but was denied full and safe access to the facilities within PATSY'S PIZZERIA due to his mobility impairment and therefore suffered an injury in fact.   In addition, Plaintiff continues to desire to visit PATSY'S PIZZERIA in the future, but continues to be injured and continues to be discriminated against due to the architectural barriers which remain at PATSY'S PIZZERIA in violation of the Americans with Disabilities Act.

12.     The Defendants continue to be in violation of 42 U.S.C. § 12181 et. seq., the ADA, 28 C.F.R. § 36.302 et. seq., and/or the 2010 ADA Standards for Accessible Design (hereinafter referred to as "the 2010 Standards"), and are discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i.)     Failure to provide a safe and/or accessible path of travel into the Subject Facility due to a door, where the beveled edge is located, that cannot be opened from the outside without assistance from an employee or person within the restaurant, in violation of the Americans Disabilities Act and in violation of the Settlement Agreement pertaining to the prior action, Case No. 09 Civ. 8618 (JSR) (hereinafter referred to as the "prior action").

(ii.)    Failure to provide proper required accessible signage at inaccessible routes informing persons with disabilities of an accessible route in violation of the

Americans Disabilities Act and in violation of the Settlement Agreement pertaining to the prior action.

(iii.)  Failure to provide an accessible pathway to the restroom due to multiple steps on the pathway to the restroom located on the basement floor in violation of the Americans Disabilities Act and in violation of the Settlement Agreement pertaining to the prior action.

(iv.)  Failure to provide an accessible pathway to the newly installed restroom located on second floor of the restaurant, in violation of the Americans Disabilities Act and in violation of the Settlement Agreement pertaining to the prior action.

(v.)  Failure to provide an ADA complaint accessible restroom accessible to the Plaintiff and people with mobility impairments in violation of the Americans Disabilities Act and in violation of the Settlement Agreement pertaining to the prior action.

13.  Upon information and belief, there are other current violations of the ADA at PATSY'S PIZZERIA and only once a full inspection is done can all said violations be identified.

14.  To date, the violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA and the settlement agreement pertaining to the prior action.

15.  Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992.  To date, the Defendants have failed to comply with this mandate.

16.  Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation.

## COUNT II – THE NEW YORK CITY HUMAN RIGHTS LAW

17.    The New York City Human Rights Law provides that:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability ….

NYC Admin. Code § 8-107(4)(a).

18.    Defendants' 60TH STREET RESTAURANT CORP. and P.T.Z. REALTY, L.L.C. are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

19.    The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 16 as if set forth in their entirety here.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

20.    The New York State Human Rights Law provides:

(a)  It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability …

NYS Exec. Law § 296 (2)(a).

21.    Defendants' 60TH STREET RESTAURANT CORP. and P.T.Z. REALTY,

L.L.C. are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

22.     The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 19 as if set forth in their entirety here.

## PUNITIVE DAMAGES

23.     The Plaintiff demands FIFTY-FIVE THOUSAND DOLLARS ($55,000) in punitive damages based on the Defendants' repeated and willful violations of the Americans with Disabilities Act, the New York City Human Rights Law, the New York State Human Rights Law, the defendants' breach of contract of the prior action, and the defendants' breach of the settlement agreement entered into in the prior action in the Southern District of New York. Case No. 09 Civ. 8618.

## ATTORNEY'S FEES AND COSTS

24.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

## COMPENSATORY DAMAGES

25.     The  Plaintiff  demands  ONE-THOUSAND  DOLLARS  ($1,000.00)  in compensatory damages, per defendant, based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law.

## INJUNCTIVE RELIEF

26.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the subject facilities to make them readily

accessible to, and useable by, individuals with disabilities to the extent required by the ADA and the NYCHRL and NYSHRL, and in accordance with the settlement agreement pertaining to the prior action and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following relief:

A.   The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA and the New York City Human Rights Law;

B.   The Court enter an Order requiring the Defendants to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the New York City Human Rights Law; and requiring the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

C.   The Court award reasonable attorney's fees, costs, and litigation expenses, and such other and further relief of suit, to the Plaintiff;

D.   The Court award compensatory damages to the Plaintiff based on the Defendants' violation of the New York City Human Rights Law; and

E.   The Court award punitive damages to the Plaintiff based on the Defendants' willful and/or repeated violations of the Americans with Disabilities Act, the New York City Human Rights Law, and the New York State Human Rights Law, breach of contract and breach of the settlement agreement in the prior action.

Dated: New York, New York
March 14, 2013

Respectfully submitted,

Adam T. Shore, Esq.
Law Offices of Adam Shore, PLLC
Attorney for Plaintiff
100 Park Avenue, Suite 1600
New York, New York 10017
Telephone:   (646) 476-4296
Facsimile:    (646) 390-7422
Email:        atsesq@gmail.com