UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

TODD KREISLER,

                Plaintiff,

v.

60TH STREET RESTAURANT CORP.,
a New York corporation,
d/b/a PATSY'S PIZZERIA, and
P.T.Z. REALTY, L.L.C., a New York limited
liability company,

                Defendants.

Civil Action No. 13 Civ. 1647 (JSR) [09 Civ. 8618]
ECF CASE

**ATTORNEY'S AFFIDAVIT**

ORDER ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/13

COUNTY OF NEW YORK )
                          ) ss:
STATE OF NEW YORK )

The undersigned Affiant is the attorney for Todd Kreisler in the above captioned case, and was counsel for Mr. Kreisler in the previous case, number 09 Civ. 8618 (JSR).

During the April 18, 2013 court conference, in response to a question from the court about why a new lawsuit was filed in this court notwithstanding the dismissal of the prior law suit, I stated, inter alia, that the court had agreed to retain jurisdiction to enforce the terms of the settlement agreement in the Stipulation of Dismissal.

I acknowledge that my statement to the court was not accurate. I regret making the incorrect statement. The court had not retained jurisdiction in the dismissal order entered in the previous related case, 09 Civ. 8618 (JSR).

Although the statement was inaccurate and incorrect, I did not intentionally try to mislead the Court. I was responding to questions from the Court, during the Court conference I had a vague recollection that the confidential settlement agreement stated that venue for enforcement

was with this Court, and at the end of the Court conference, I made an inaccurate statement.

During my preparation of this Affidavit, I reviewed the Confidential Settlement Agreement dated April 1, 2010 pertaining to 09 Civ. 8618 (JSR). The Settlement Agreement provided, in pertinent part:

> "The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively with the United States District court for the Southern District of New York, or, if that court refuses jurisdiction, in any court of competent jurisdiction in New York County, New York."

Thus, my recollection that the venue for enforcement of the Settlement Agreement, as specified in the Confidential Settlement Agreement, was with this Court, was correct.

I have also handled other cases involving Americans with Disabilities Act, Title III cases, and the Stipulation of Dismissals pertaining to some of those actions did include provisions that the court would retain jurisdiction to enforce the settlement agreements. For example, please see *Kreisler v. McDonalds Corporation, et al.* Case No.: 09-cv-09358. (S.D.N.Y. 2011).

I understand, however, that the foregoing paragraphs are not an excuse for making a misstatement to the Court regarding the contents of the Stipulation of Dismissal submitted to the Court in the earlier action on April 1, 2010, and So Ordered on April 5, 2010. I do not offer the above information as an excuse.

I understand that the Court relies on accurate and truthful information from the attorneys who appear before it, and it is, and always has been, important to me that the Court feels that the Court can rely on what I say.

I acknowledge that I should not have made a representation to the court such as the one I made without first confirming that my recollection of the events is accurate. The misstatement I made to the Court was not made with the intention of misleading the Court.

I truly and deeply apologize to the Court for making the misstatement. I assure the Court that I will make every effort to insure that in the future I provide only accurate and truthful information to this Court and any other tribunal before which I might appear.

I sincerely hope that the Court accepts my apology for making the misstatement to the Court referenced in the April 22, 2013 Order.

**I THE FOREGOING IS CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.**

_____
AFFIANT, Adam T. Shore

STATE OF NEW YORK
COUNTY OF NEW YORK

BEFORE ME, the undersigned authority, personally appeared __Adam Shore__, who swears and deposes that he, has read the Affidavit and that the information in the Affidavit is correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this __25__ day of __April__ 2013.

_____
STATE OF NEW YORK,
NOTARY PUBLIC
PRINT NAME:
Personally known by me, or
Produced Identification:
Type of Identification:
My Commission Expires:

RYAN FITZGERALD
Notary Public
State of New Jersey
My Commission Expires Mar. 8, 2018
I.D.# 2430984

5/8/13
Apology accepted, and no further action will be taken.

SO ORDERED

_____
JSDJ

ENDORSEMENT ON 13CV1647 (JSR)

5/8/13
Apology accepted, and no further action will be taken.